IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DWAYNE GRAY MILLER, JR., ) | |
| Plaintiff, ) | Case No. 7:22-cv-00189 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| KEVIN PUNTURI, et al., ) | Chief United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Dwayne Gray Miller, Jr., a Virginia inmate proceeding pro se, filed this civil right action under 42 U.S.C. § 1983. The case is now before the court for review under 28 U.S.C. § 1915A. Having reviewed the complaint, the court concludes that it must be summarily dismissed without prejudice for failure to state a claim against the named defendants.

### I. Background

The events giving rise to this action occurred while Miller was incarcerated at Pocahontas Correctional Center ("Pocahontas") in 2020. Compl., ECF No. 1, at 5–6. Miller alleges that he "fell on several occasions while attempting to get down from [his] top bunk," which was not equipped with a ladder. Id. at 6. As a result, Miller broke a toe and "sprained/fractured [his] right foot." Id.

Miller's complaint names as defendants Kevin Punturi, the Warden of Pocahontas; Harold Clark, the Director of the Virginia Department of Corrections; Brandon Smith, a Unit Manager at Pocahontas; and Jared Kinser, the Chief of Housing and Programs. Id. at 1–2. Miller asserts that each of the defendants acted "negligently" by not ensuring that the

bunkbeds at Pocahontas are equipped with "proper safety equipment." Id. at 5. He seeks to recover damages for "[n]egligence" and "cruel and unusual punishment." Id. at 3, 6.

## II.  Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.  Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). The plaintiff must also show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017).

In this case, Miller is attempting to allege a violation of the Eighth Amendment, which prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has interpreted this prohibition to require prison officials to "provide humane conditions of confinement" and "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Thus, the Eighth Amendment "applies to claims by prisoners against corrections officials challenging conditions of confinement." Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019).

To state a conditions-of-confinement claim under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate (1) that "the deprivation alleged [was], objectively, sufficiently serious," and (2) that "prison officials acted with deliberate indifference." Id. at 351, 361 (internal quotation marks and citations omitted). To satisfy the first requirement, a plaintiff "must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the [plaintiff's] exposure to the challenged conditions." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citations omitted). To satisfy the second requirement, a plaintiff must allege facts sufficient to demonstrate that a correctional official actually knew of and disregarded an objectively serious condition, medical need or risk of harm. Id. This is an "exacting standard," which is not met by "mere negligence." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014).

Applying these principles, the court concludes that Miller's complaint fails to state a plausible Eighth Amendment claim against any of the named defendants. The allegations in the complaint, taken as true, fail to establish that the defendants actually knew of and

3

disregarded a substantial risk of harm. At most, Miller's complaint alleges that the defendants acted negligently by not installing ladders or other safety equipment on the bunkbeds at Pocahontas. As indicated above, however, mere negligence is insufficient to state a claim under the Eighth Amendment. Id.; see also Jones v. Cnty. Jail C.F.C.F., 610 F. App'x 167, 169 (3d Cir. 2015) (affirming the dismissal of an Eighth Amendment claim where the complaint, at its most generous reading, "alleged mere negligence, and not deliberate indifference, in CFCF's failure to provide a step-ladder [for a top bunk]").

## IV.   Conclusion

For the foregoing reasons, the court concludes that Miller's § 1983 claim is subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim against the named defendants. Based on his status as a pro se litigant, however, the court dismisses the claim without prejudice and will allow him an opportunity to file an amended complaint within thirty days, if he so chooses. To the extent the complaint can be construed as asserting a negligence claim under state law, the court declines to exercise supplemental jurisdiction over such claim and dismisses it without prejudice. See 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"). An appropriate order will be entered.

Entered: June 21, 2022

Michael F. Urbanski
Chief United States District Judge